UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
DERRICK GREATHOUSE,              :   CASE NO. 4:16-CV-01887
                                 :
       Plaintiff,               :
                                 :
vs.                              :   OPINION & ORDER
                                 :   [Resolving Doc. No. 1]
FCI ELKTON WARDEN, *et al.*,     :
                                 :
       Defendants.              :
                                 :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Derrick Greathouse filed this action in the United States District Court for the District of Columbia against the FCI Elkton Warden and Associate Warden. In the Complaint, Plaintiff alleges the United States Bureau of Prisons did not credit him with time he spent in pretrial detention. He asserts claims under the Privacy Act, 5 U.S.C. § 552a, and seeks monetary damages.

Because Plaintiff challenges his sentence computation, the District Court for the District of Columbia construed his Complaint as a Petition for a Writ of Habeas Corpus, and transferred the case to this federal court, which has jurisdiction over his custodian. Plaintiff filed a Notice of Error and Request for Nunc Pro Tunc Correction[1], indicating he did not intend to file a Habeas Petition because he wanted to be awarded damages. The District of Columbia denied his request and transferred the case. For the reasons stated below, the Court finds Plaintiff is not

---

[1] Doc. No. 4

entitled to credit toward his federal sentence for the time he spent in pretrial detention.  This case is dismissed.

## I.  Background

Plaintiff was arrested by local police in Kanawha County, West Virginia on August 29, 2013 and was charged with possession with intent to deliver a controlled substance.  He was apparently on parole from a state conviction and due to his arrest, his parole was revoked on September 30, 2013, with 1,134 days still left to serve.  The state charges in the pending case were dropped on November 8, 2013; however, he remained incarcerated on the parole violation.  On December 4, 2013, the United States government "borrowed" Plaintiff from the West Virginia Department of Corrections pursuant to a federal Writ of Habeas Corpus ad Prosequendum, and pursued federal charges for possession with intent to distribute cocaine.  Plaintiff was convicted of the federal charges, and on December 4, 2014, the United States District Court for the Southern District of West Virginia sentenced him to 70 months imprisonment.  On December 5, 2014, he was returned to state custody with the federal judgment filed as a detainer.  He was paroled from his state sentence on February 24, 2015.  The Federal Bureau of Prisons ("BOP") calculated his sentence to run consecutive to his state sentence, and determined he began to serve this sentence on February 25, 2015, the day he was exclusively in federal custody.

Plaintiff asserts he is entitled to credit toward his federal sentence from December 4, 2013, the day he was "borrowed" from the State of West Virginia to stand trial on federal charges, until he was returned to state prison on December 5, 2014.  He mentions an incomplete Judgment and Commitment form, but it is not clear from the Complaint to which judgment he is

referring. He brings this action under the Privacy Act, claiming the statute requires the BOP to maintain accurate records. Plaintiff seeks monetary damages and "cancellation" of the Judgment and Commitment.[2]

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[4] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[5] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[6] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[7] When reviewing the Complaint under § 1915(e), the Court

---

[2] Doc No. 1 at 5.

[3] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

[4] *Neitzke*, 490 U.S. at 327.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

[6] *Iqbal*, 556 U.S. at 678.

[7] *Id.*

must read it in a way that is the most favorable to the Plaintiff.[8]

### III. Analysis

Plaintiff filed this action under the Privacy Act. The District of Columbia construed his Complaint as a Petition for a Writ of Habeas Corpus. Plaintiff protested that he did not want to seek relief in a Habeas Petition because he wanted to request monetary damages which are not available as relief in habeas corpus. Plaintiff, however, cannot obtain damages for an alleged sentencing error unless that sentence has first been invalidated on direct appeal, or called into question by a federal court's issuance of a writ of habeas corpus.[9] He cannot attack his sentence through an action for damages.[10] His claims under the Privacy Act are dismissed.

To the extent the District of Columbia properly construed Plaintiff's Complaint as a Petition for a Writ of Habeas Corpus, his claim, as stated, is without merit. He is not entitled to credit on the federal sentence for the time that he spent in state custody between December 4, 2013, the date on which the district court issued the Writ of Habeas Corpus ad Prosequendum, and December 5, 2014, the day he was returned to state prison with the federal judgment filed as a detainer.

Once a Defendant is sentenced in federal court, the Attorney General, through the BOP, is responsible for administering the sentence.[11] To compute a federal sentence, the BOP must first determine the date on which the federal sentence began. By statute, a federal sentence

---

[8] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

[9] *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

[10] *Id.*

[11] *See* 18 U.S.C. § 3621(a).

begins "on the date the Defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."[12] A federal sentence does not begin until a prisoner is actually received into federal custody solely for that purpose. *Gonzalez v. Rushing*, 4:12 CV1274, 2012 WL 2127728 (N.D. Ohio June 11, 2012).

After the BOP determines the date on which the sentence begins, the BOP must apply any jail-time credit to which the offender may be entitled under 18 U.S.C. § 3585(b). That statute specifically provides that a Defendant will receive credit for time he spent in official pretrial detention prior to the date his federal sentence began, if he was detained as a result of the federal offense for which he was convicted, and if that time in pretrial detention was not applied to another sentence.[13]

In this case, Plaintiff was not detained solely for the federal offense for which he was convicted, and as a result, the time he spent in pretrial detention was applied to his state sentence. He cannot receive credit for this time on his federal sentence. Plaintiff was continually in state custody from the date of his arrest by local authorities on August 29, 2013, until he was paroled from his state sentence on February 24, 2015. Although he was physically "borrowed" for a period of time by the federal government pursuant to a federal Writ of Habeas Corpus ad Prosequendum, the state still retained primary jurisdiction over him. A Writ of Habeas Corpus ad Prosequendum does not transfer primary jurisdiction to federal authorities.[14]

---

[12]  18 U.S.C. § 3585(a)

[13]  18 U.S.C. §3585(b)

[14]  *Huffman v. Perez*, No. 99-6700, 2000 WL 1478368 at * 2 (6th Cir. Sept. 27, 2000)(citing *Rios v. Wiley*, 201 F.3d 257, 271-74 (3rd Cir. 2000); *Nguyen v. Department of Justice*, No. 97-6489,

The Federal Bureau of Prisons ("BOP") calculated his sentence to run consecutive to his state sentence. Plaintiff is therefore not entitled to credit for the time he spent under the primary jurisdiction of the state.

### IV. Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis*[15] is granted and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[16]

IT IS SO ORDERED.


Dated: September 16, 2016      *s/ James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

1999 WL 96740 (6th Cir. Feb. 3, 1999); *Salas v. Ormond*, No. 6:15 CV 219, 2016 WL 1733451, at *2-4 (E.D. Ky. Apr. 29, 2016).

[15] Doc. No. 2

[16] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.